Philip L. Bailey, Esq. County Attorney, Yates
You have asked whether a person may hold simultaneously the office of county treasurer and village mayor, village trustee or village budget officer.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
In non-charter counties, such as yours, the treasurer is an elected officer (County Law, § 400[1]). The treasurer is the chief fiscal officer of the county responsible for the receipt and custody of county funds (id., § 550[1], [2]). Additionally, the treasurer is the budget officer and in that capacity annually receives the estimates of revenues and expenditures from each administrative unit of the county and prepares the tentative budget for consideration by the legislative body of the county (id., §§ 351[3], 353, 354, 355).
The mayor is a member of the village board of trustees and has certain administrative responsibilities (Village Law, § 4-400). The board of trustees is the legislative body of village government, responsible for establishing policy (id., § 4-412[1]). The budget officer of a village performs a role that is comparable to that of the county budget officer (Village Law, § 5-500, et seq.).
We see no incompatibility in a county treasurer also serving in any one of these three village offices. The county treasurer, as the custodian of funds and the budget officer, does not participate in policy-making decisions that might conflict with the duties of any of the three village offices. We see no potential for conflict between the duties of county treasurer and any one of the three village offices. Also, we are not aware of any statutory prohibition against the simultaneous holding of the offices in question (see, County Law, § 411).
We conclude that a person may simultaneously hold the offices of county treasurer and village trustee, village mayor or village budget officer.